LIAM McCRAW,
TTORNEY GENERAL

TT GAINES,
1ST ASSISTANT

4 MYERS,
1EF CLERK

SISTANTS
J. ALSUP
DR W. BOULDIN
BROADHURST
K. BROWN
LADY CHANDLER
ON COE
IAM C. DAVIS
DUKE
MADDEN HILL
(DICK) HOLT
KEMP
KENNEDY
ARD KING
GE P. KIRKPATRICK
ANS

JOHN McKAY
ROBERT W. McKISSICK
WILLIAM McMILLAN
M. C. MARTIN
HENRY S. MOORE
T. F. (TED) MORROW
JAMES N. NEFF
PAT M. NEFF, JR.
PHIL OVERTON
J. W. PEAVY
HARRY S. POLLARD
W. S. POPE
RUSSELL RENTFRO
TOM D. ROWELL
CHARLES RUTTA
ALFRED M. SCOTT
JOE SHARP
DICK STOUT
EARL STREET
MARVIN TREVATHAN
FRED C. VARNER, JR.
EFFIE WILSON-WALDRON
ALBERT WALKER
CHARLES S. WALKER
H. L. WILLIFORD



# OFFICE OF THE ATTORNEY GENERAL

## AUSTIN

January 9, 1939

Overruled by M-872

Hon. Robert J. Allen
County Attorney
Lubbock, Texas

Dear Sir:

Opinion No. 0-48
Re: Disposition of Fines in
Misdemeanor Cases

Your request for an opinion on the question:

"Is the Justice of the Peace
liable to pay to the county 10% of
fines collected on complaints setting
out a violation of Article 1690b, Penal
Code?"

has been received by this office.

Article 911b, Section 17, paragraph C of
the Revised Civil Statutes of Texas, provides:

"All fees except the fee provided
in Section 5 of this Act accrued under
the terms of this Act and all fines
and penalties collected under the pro-
visions of this Act shall be payable
to the State Treasurer at Austin, and
credited."

Our interpretation of this statute is that
all fines and penalties and all other fees except the
fee provided in Section 5 of this Act collected under
the provisions of this Act shall be paid to the State
Treasurer. However, this does not prohibit the Dis-
trict or County Attorney from the collection of ten
percent of all fines, forfeitures or moneys collected
for the State or County upon judgment recovered by him

Hon. Robert J. Allen, January 9, 1939, Page 2


as authorized by Article 950, Code of Criminal Procedure.

Article 3912e, Section 3, Revised Civil Statutes, provides:

> "In all cases where the Commissioners'
> Court shall have determined that county
> officers or precinct officers in such county
> shall be compensated for their services by
> the payment of an annual salary, neither
> the State of Texas nor any county shall be
> charged with or pay to any of the officers
> so compensated, any fee or commission for the
> performance of any or all of the duties of
> their offices but such officers shall re-
> ceive said salary in lieu of all other
> fees, commissions or compensation which they
> would otherwise be authorized to retain...."

Section 4 of Article 3912e provides:

> "In all counties of this State con-
> taining a population of less than one
> hundred and ninety thousand (190,000)
> inhabitants according to the last pre-
> ceding Federal Census wherein the county
> or precinct officers are compensated on
> a salary basis under the provisions of
> this Act, there shall be created a fund
> to be known as the 'Officers' Salary
> Fund of _____ County, Texas.' Such
> fund shall be kept separate and apart
> from all other county funds, and shall
> be held and disbursed for the purpose
> of paying the salaries of officers and the
> salaries of deputies, assistants and
> clerks of officers who are drawing a
> salary from said fund under the provi-
> sions of this Act, and to pay the author-
> ized expenses of their offices. Such fund
> shall be deposited in the county deposi-
> tory and shall be protected to the same ex-
> tent as other county funds."

Section 5 of Article 3912e provides:

"It shall be the duty of all officers to charge and collect in the manner authorized by law all fees and commissions which are permitted by law to be assessed and collected for all official service performed by them. As and when such fees are collected they shall be deposited in the Officers' Salary Fund, or funds provided in this Act. In event the Commissioners' Court finds that the failure to collect any fee or commission was due to neglect on the part of the officer charged with the responsibility of collecting same, the amount of such fee or commission shall be deducted from the salary of such officer. Before any such deduction is made, the Commissioners' Court shall furnish such officer with an itemized statement of the uncollected fees with which his account is to be charged, and shall notify such officer of the time and place for a hearing on same, to determine whether such officer was guilty of negligence, which time for hearing shall be at least ten days subsequent to the date of notice. Unless an officer is charged by law with the responsibility of collecting fees, the Commissioners' Court shall not in any event make any deductions from the authorized salary of such officer."

In view of the foregoing authorities, it is our opinion that ten percent of the fines mentioned in your letter should be collected and paid into the Officers' Salary Fund of your county and that upon the failure of the officer collecting such fine to deduct the said ten percent therefrom and pay into said salary fund would be personally liable for the same and upon his failure to collect such fee or commission, the same could be deducted from the salary of such officer.

Hon. Robert J. Allen, January 9, 1939, Page 4

Trusting that the foregoing answers your inquiry, I remain

Yours respectfully

ATTORNEY GENERAL OF TEXAS

By *Ardell William*

Assistant

AW:AW

APPROVED:

ATTORNEY GENERAL OF TEXAS